UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES LESHORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:21-cv-00412-JPH-MG |
| ) | |
| THE ATTORNEY GENERAL OF THE STATE ) | |
| OF INDIANA, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

James Leshore ("Mr. Leshore") filed a petition for a writ of habeas corpus challenging a Putnamville Correctional Facility disciplinary proceeding identified as ISF 21-07-0613. The respondent moves to dismiss the petition, arguing that the petitioner is not "in custody" for purposes of 28 U.S.C. § 2254 since his sanction was suspended and thus, he cannot obtain any habeas relief. The petitioner responded to the motion, arguing that he suffered collateral consequences such as the loss of wages and employment along with other alleged due process errors during his ISF 21-07-0613 disciplinary action, which entitle him to habeas relief. Dkt. 9 at 1.

**I.   Legal Standard**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or

1

duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison is "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

## II. Analysis

Mr. Leshore was found guilty of violating Indiana Department of Correction Code B 209. Dkt. 7-1 at 1. He received a written reprimand and the loss of 60 days of earned credit time, the latter of which was suspended. *Id*. The respondent asserts the matter should be dismissed since the earned credit time sanction was suspended and the time for invoking the suspended sanction has expired. Dkts. 7 at 1 and 7-3 at 39. The Report of Disciplinary Hearing indicated the loss of 60 days of earned credit time was suspended. Dkt. 7-1 at 1. Additionally, the offender information system showed that the August 26, 2021, disciplinary action for violating B 209 was suspended and never reinstated. Dkt. 7-2 at 4 and 8. Indeed, the documents provided by Mr. Leshore support the respondent's assertion that the earned credit time sanction was suspended. Dkt. 2 at 1.

Since Mr. Leshore's credit-time sanction was suspended and never imposed, his disciplinary conviction did not impact the length of his custody. Lastly, while Mr. Leshore argues he has a liberty interested with his prison employment and wages, a habeas petition is not the proper vehicle to pursue such issues. *Washington*, 564 F.3d at 1350 (7th Cir. 2009).

## III. Conclusion

Accordingly, the respondent's motion to dismiss, dkt. [7], is **GRANTED**. Mr. Leshore's habeas petition is **DISMISSED**. Final judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date: 5/26/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES LESHORE
921705
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov